UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

In re:

ELIAS BUSCANO and JULIETA A. BUSCANO,

                Debtors.

Case No. A05-01745-DMD
Chapter 7

**Filed On
10/20/06**

## MEMORANDUM RE EXEMPTIONS

Elias and Julieta Buscano are a married couple. They immigrated from the Phillipines to Anchorge. Both have worked at the Anchorage Hilton Hotel for the past twelve years. Elias is a houseman. Housemen move linen carts and make minor repairs to furniture, appliances and light fixtures at the hotel. Julieta is a housekeeper.

On July 21, 2003, the Buscanos and their two children were traveling on the Seward Highway near Milepost 56. Julieta was seated in the right rear seat of a Nissan Altima. Elias was seated in the right front passenger seat. Their vehicle was rear ended by a large Ford van. The Buscanos sustained soft issue injuries as a result of the accident. They lost work time and incurred medical expenses. They hired an attorney and sued the driver of the Ford van, Hermosa Arendain, in July of 2005.

The Buscanos filed for chapter 7 relief on October 13, 2005. They listed their suit against Mr. Arendain as an asset and each claimed an exemption of $18,450.00 in this asset pursuant to 11 U.S.C. § 522(d)(11)(D). Kenneth Battley, the duly appointed chapter 7 trustee, objected to this exemption. Battley employed the Buscano's attorney, David Wallace, as special counsel to represent the estate in prosecution of the claim against

Arendain. Wallace obtained a gross settlement of $110,000.00 on a $100,000.00 policy.[1]
Approximately $20,000.000 of this amount was applied to the claims of the Buscano children, leaving a balance of $90,794.00 for the Buscano bankruptcy estate. Wallace's allowed attorney's fees and costs of $31,358.90 have been paid from this sum. The remaining settlement proceeds, approximately $59,436.00, are currently being held by the trustee. None of the settlement proceeds have been allocated to specific damages.

The damages suffered by the Buscanos as a result of the vehicle accident are substantial. Medical expenses totaled approximately $20,295.00 for Mrs. Buscano and $17,673.00 for Mr. Buscano.[2] Mr. Buscano has an additional $800.00 to $900.00 in medical bills that remain unpaid. The Buscanos also incurred lost wages as a result of the accident. Mrs. Buscano was off duty from July 21, 2003, through October 7, 2003. Mr. Buscano was off work from July 21, 2003, through August 15, 2003. Total lost wages for the Buscanos are about $6,500.00.

While neither of the Buscanos had any cuts or broken bones as a result of the accident, they both suffered painful injuries. Their car was virtually stopped on the highway when it was rammed by a large Ford van traveling at least 35 miles per hour. Pictures of the Nissan Altima indicate extensive damage to the rear of the vehicle. Mr. Buscano's head and

---

[1] The Ford van was insured by Country Insurance Company, which funded the settlement. The Buscanos had underinsured motorist coverage through State Farm. State Farm paid the Buscanos' medical bills. State Farm waived its medical payment claim against Country Insurance Company and included the medical bills in its underinsured motorist claim, which remains pending.

[2] The Buscano children had additional medical expenses of approximately $8,000.00.

2

neck were driven forward and struck the dashboard of the car. His arm slammed into the door. His injuries included contusions, muscle strains and abrasions. He had contusions and abrasions of the lateral aspect of the right thigh and an abrasion to his forehead. He had muscle strain and abrasions to his right lower back and muscle strain in his neck. Mrs. Buscano was closest to the point of impact. She was thrown violently forward and back. She had injuries to her head, neck, breastbone and lower back. Both have undergone extensive physical therapy and chiropractic treatment since the accident.

11 U.S.C. § 522(d)(11)(D) provides an exemption for the debtor's right to receive "a payment, not to exceed $18,450, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent."[3] The legislative history to this section states, in part:

> This provision in subparagraph (d)(11) is designed to cover payments in compensation of actual bodily injury, such as the loss of a limb, and is not intended to include the attendant costs that accompany such a loss, such as medical payments, pain and suffering, or loss of earnings.[4]

Based on the legislative history, some courts have concluded that a debtor must sustain a permanent injury to be entitled to an exemption under subsection (d)(11)(D).[5]

---

[3] 11 U.S.C. § 522(d)(11)(D).

[4] H.R. Rep. No. 95-595, at 362 (1977), *as reprinted in* 1978 U.S.C.C.A.N. 5693, 6318.

[5] *In re Gregoire*, 210 B.R. 432, 436 (Bankr. D.R.I. 1997); *In re Marcus*, 172 B.R. 502, 505 (Bankr. D. Conn. 1994).

3

There is nothing in the language of the statute that requires such a result. From my viewpoint, the statute allows an exemption for temporary as well as permanent injuries. Other courts have allowed recoveries for temporary injuries.[6] The Buscanos are entitled to an exemption for their personal bodily injuries. But how much of an exemption?

The Buscanos maintain they are each entitled to the full exemption amount, $18,450.00, because the trustee has not satisfied his burden of proof. Pursuant to Fed. R. Bankr. P. 4003(c), the trustee has the burden of proving that exemptions are not properly claimed. Some courts have held that unless the trustee introduces evidence establishing that proceeds of a personal injury settlement have been allocated to pain and suffering or actual pecuniary loss, his objection to a (d)(11)(D) exemption will fail.[7] I don't find their reasoning persuasive. Here, the court has heard the testimony of the debtors, the testimony of their personal injury counsel David Wallace, and reviewed the exhibits submitted. That evidence indicates the following. First, no portion of the settlement amount is based on damages for medical expenses, damages to the Nissan Altima, or lost wages. The debtors' medical expenses were paid by State Farm on its underinsured motorist coverage. Mr. Wallace stated that the debtors' suit against Arendain contained no claim for lost wages or damages to the Nissan. Second, the debtors' testimony regarding their injuries was credible. Both sustained soft tissue injuries as a result of the accident. They have endured continued pain and

---

[6]*In re Lawton*, 324 B.R. 20, 23 (Bankr. D. Conn. 2005); *In re Ciotta*, 222 B.R. 626, 632 (Bankr. C.D. Cal. 1998) (construing similar California statute).

[7]*In re Whitson*, 319 B.R. 614, 617 (Bankr. E.D. Ark. 2005); *In re Barner*, 239 B.R. 139, 145 (Bankr. W.D. Ky. 1999) (construing similar Kentucky statute).

suffering as a result of those injuries for several years.  Mr. Buscano is still undergoing treatment for his injuries.

I find the debtors suffered actual bodily injuries from the accident and the settlement received by the estate was, at least in part, a payment on account of those injuries. I further find, however, that the majority of the settlement comprised damages for pain and suffering, which are not exempt under § 522(d)(11)(D).  A reasonable allocation of the settlement proceeds is 70% to pain and suffering and 30% to the Buscanos' actual bodily injuries.  I conclude that each of the Buscanos is entitled to an exemption of 15% (one half of 30%) of the net settlement amount, or $8,915.00 each.

Conclusion

The Buscanos sustained actual bodily injuries in a vehicle accident.  Although their injuries may not be permanent, the Buscanos may claim an exemption under 11 U.S.C. § 522(d)(11)(D) for any payments they receive on account of such injuries.  A portion of the proceeds received by the trustee from the settlement of the Buscanos' personal injury action can reasonably be allocated to the Buscanos' actual bodily injuries.  The debtors may each exempt 15% of the net proceeds on account of their injuries.  The trustee may disburse the exempt portion of the settlement proceeds, $17,830.00, to the Buscanos.  The balance of the settlement will be retained until the time of the trustee's final report or further order of this court.  An order and judgment will be entered consistent with this memorandum.

DATED: October 20, 2006

5

BY THE COURT

 /s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:  Greg Oczkus, Esq. (for debtors)
William Artus, Esq. (for trustee)
Ken Battley, Trustee
U. S. Trustee

10/20/06